## C. L. JONES v. STATE.

PRIVILEGE TAX. *"Public buyer of cotton-seed." Act of* 1888.

One whose business it is to buy cotton-seed from the public is liable to the privilege tax imposed by the act of 1888 (Laws, p. 14) on "public buyers of cotton-seed," although he buys as agent for a single oil-mill.

FROM the circuit court of Coahoma county.
HON. R. W. WILLIAMSON, Judge.

Defendant was an agent employed by the Friar's Point Oil Mill & Manufacturing Co., a corporation engaged in the manufacture of cotton-seed oil. He was paid a salary based on the number of tons of seed purchased, and when seed was bought he put it in a house provided by the company for the purpose, and was not authorized to buy for any other mill. He was indicted for failing to pay the privilege tax imposed by the act of 1888 (Laws, p. 14) on every "public buyer of cotton-seed," and, having been convicted, prosecutes this appeal.

*Rucks Yerger*, for appellant.

Appellant was not a public buyer of seed, but the mere agent of the oil-mill and manufacturing company, buying seed for its use. It was not the business of the company to buy seed; doing so was merely an incident to, and part of, its business of making oil. Surely it would not have to pay the privilege tax on that business and also a privilege tax for buying the necessary seed.

*T. M. Miller*, attorney-general, for the state.

It is not material that appellant, acting as agent in buying seed, had but one principal. The public could not be his principal, but he dealt with the public. The tax is separate

and distinct from the tax on the oil-mill.  The destination of the seed purchased has nothing to do with the case.

WOODS, J., delivered the opinion of the court.

The error of appellant's counsel grows out of a misapprehension of the correct interpretation of the words " public buyer of cotton-seed," page 14, laws of 1888.  The statute designs to impose a privilege license tax on persons whose *business* was the buying of cotton-seed.  All persons who are engaged in the business of buying cotton-seed from the public generally are liable for the tax, no matter whether they buy to sell to any and all purchasers, or to one only.  The test is, was Jones buying for his own private consumption or use, or was he buying from the public generally, in the prosecution of his business?  If the latter, it is wholly immaterial whether his business connection was with one cotton oil-mill, or a dozen, or none.  He was a *public*, as contradistinguished from a *private*, buyer, and should pay the privilege license tax just as any other public buyer.

The judgment complained of is correct, and must be

*Affirmed.*